UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MARCELINE OLIVIER,

                Plaintiff,

-v-

INTEGRITY SOLUTION SERVICES, INC.

                Defendant.

Civil Action No.:

**COMPLAINT**

Plaintiff MARCELINE OLIVIER (hereinafter, "Plaintiff"), a New Jersey resident, brings this complaint by and through her attorneys, Marcus Law, LLC, against Defendant INTEGRITY SOLUTION SERVICES, INC. (hereinafter "Defendant"), individually based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**NATURE OF THE ACTION**

3. Plaintiff brings this action on behalf of himself seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

4. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

5. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6. Plaintiff is a resident of the State of New Jersey.

7. Plaintiff is a "consumer" as defined under the FDCPA, 15 USC § 1692a(3).

8. Defendant is a collection agency located at 20 Corporate Hills Drive, St. Charles, MO. 63301 with two mailing addresses of Dept. 673, PO Box 4115, Concord, CA 94524 and PO Box 7230, Overland Park, Kansas 66207-0230

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. Defendant, on behalf of a third party, or on behalf of itself as purchaser of the Debt, began collection efforts to collect an alleged consumer Debt.

13. On or about March 18, 2014, the Defendant began its collection efforts by sending a demand letter to the Plaintiff. *See Exhibit A.*

14. Said letter was attempting to collect on the six alleged debts owed to Emcare.

15. On or about June of 2014 the Plaintiff received a telephone call from the Defendant who was attempting to collect on the above referenced debt.

16. During the phone conversation, the Plaintiff notified the Defendant that she was represented by and gave the contact information of that attorney.

17. Although the Defendant was notified that Plaintiff was represented by counsel, they continued to attempt to collect on this alleged debt.

18. Defendant further stated that there was no need to get an attorney involved, and that if this was not taken care of it would be listed on her credit report.

19. Defendant further attempted to collect this debt by sending the Plaintiff another demand letter dated September 2, 2014. *See Exhibit B.*

20. As of today's date, none of the alleged debts listed on the March 18, 2014 letter have been reported to any of the Plaintiff's credit reports.

21. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## CLAIMS FOR RELIEF

### COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 .S.C. §1692e *et seq.***

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

24. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

25. The Defendant violated said section by falsely stating in a phone conversation that the Defendant would be listing the alleged debts on the Plaintiffs credit report.

26. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

27. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "27" herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c(a)(2).

30. Pursuant to 15 U.S.C. §1692c(a)(2), without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent

jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt if a debt collector knows the consumer is represented by an attorney with respect to each debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consent to direct communication with the debtor.

31. The Defendant violated said section by continuing to talk to the Plaintiff regarding the alleged debt after they were notified that she was being represented by an attorney.

32. The Defendant further violated said section by sending her a demand letter dated September 2, 2014 after they were notified that she was represented by counsel.

33. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692ca(2) *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

34. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against the Defendant as follows, ON ALL CAUSES OF ACTION:

35. A declaration that the Defendant's practices violated the FDCPA;

36. For actual and statutory damages provided and pursuant to:

- 15 U.S.C. § 1692k(a)(1);
- 15 U.S.C. § 1692(2)(A);

37. For attorneys' fees and costs provided and pursuant to 15 U.S.C. § 1692(a)(3);

38. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: December 3, 2014                  s/ Ari H. Marcus ,Esq._____
                                         Ari Marcus, Esq.
                                         MARCUS LAW, LLC
                                         1500 Allaire Avenue, Suite 101
                                         Ocean, New Jersey 07712
                                         Telephone: (732) 660-8169
                                         Facsimile: (732) 298-6256
                                         Ari@MarcusLawNJ.com
                                         *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                         */s/ Ari H. Marcus_____*
                                         Ari Marcus, Esq.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Ari H. Marcus, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: December 3, 2014

*/s/ Ari H. Marcus, Esq.*
Ari Marcus, Esq.
MARCUS LAW, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
Telephone: (732) 660-8169
Facsimile: (732) 298-6256
Ari@MarcusLawNJ.com
*Attorneys for Plaintiff*

7